## MARTINO, Curator, *v.* BOGGS et al.

The owners of a steamer are liable for damage done to another vessel, by a collision produced
by the negligence of the officers and crew of the steamer.
Where in an action by a curator for damages for injury done to a vessel belonging to the suc-
cession administered by him, he offers in evidence the inventory of the succession for the

purpose of showing that the vessel formed a part of the succession, he will not be thereby precluded from proving that the vessel exceeded in value the amount at which it was appraised in the inventory.

APPEAL from the District Court of the First District, *Buchanan*, J. *Latour*, for the plaintiff. *Elwyn*, for the appellant.

The judgment of the court was pronounced by

KING, J. The defendants are appellants from a judgment rendered against them for the price of a sloop sunk by a collision with the steamboat *Sarah Bladen*, which is alleged to have occurred in consequence of the negligence and want of skill of the captain and crew of the boat.

Although the evidence is in many respects contradictory, as usually occurs in such controversies, we think that the facts proved by the witnesses of the defendants themselves, show that the loss of the sloop was occasioned by the negligent and imprudent management of the *Sarah Bladen*. The accident occurred at night, while the steamboat was ascending the river, but the evening was sufficiently clear to see the sloop when a half or three quarters of a mile distant. At that time, the witnesses say that the course of the little vessel could not be determined. Upon a nearer approach, it was discovered that she was near a raft attached to the shore, to which it appears she was preparing to make fast for the night. The pilot and officers of the steamboat saw the raft so distinctly as to be able to steer within four feet of it. The sloop was from thirty to sixty feet from the raft; both objects were plainly visible. The boat passed between the two, and in doing so the collision occurred. Although the vessel had been in view for some time, and the steamboat could easily have avoided the collision by turning a few feet out into the stream, she persisted steadily in her course, leaving it to the sloop, the less manageable craft of the two, to use the efforts necessary to avoid coming in contact.

Our attention has been called to a bill of exceptions taken to the opinion of the court below, admitting witnesses to testify that the value of the sloop exceeded $500, on the ground that the plaintiff had previously introduced in evidence the inventory of *Martino's* succession, in which the vessel was appraised at that sum, and that he could not contradict his own testimony.

The inventory does not appear to have been introduced for the purpose of fixing the value of the vessel. It was probably considered a necessary piece of evidence to show that the sloop was a part of the property composing the succession which fell under the curator's administration, and offered for that purpose. The fact that it contained an estimation fixed by appraisers, did not conclude the plaintiff from showing the just value of the object. The objection was properly overruled.

We think that, under the evidence, the judge below has given a just valuation of the sloop. *Judgment affirmed.*